UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOROYA MARIA RIGOR,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO LGBT COMMUNITY CENTER, et al.,<br><br>    Defendants. | No.  2:24–cv–36–DJC–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

    **i.**    **Subject Matter Jurisdiction and Legal Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

    **ii.**    **Federal Notice Pleading and a Complaint's Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996). This is because a complaint documentary evidence may be presented at a later point in the case. See Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is

3

to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint names as defendants the Sacramento LGBT Community Center, a nonprofit organization, Claire Buckley, employee of Placer County Commissioner's Office, and David Heitstuman, Managing Director/CEO (of an unnamed company).  Plaintiff cites as a basis for jurisdiction the following sources of law: 15 U.S.C. § 1125(a); 18 U.S.C. §§ 1001, 1621, and 1623; 22 U.S.C. § 1644(d); Gov. Code § 911.4; "IRS Codes 525 law and Rule 643; and "Injunctive Relief for Revised Uniform Fiduciary Assets-Digital Assets Act."  The complaint seeks $10 million in damages, as well as "equitable ownership rights and for original authorship for accepting proposal 'contribution' that was not properly disclosed to the public nor were royalties afforded after violating agreement and nonprofit bylaws+IRS Code."  Plaintiff's statement of claim reads:

> Legal and equitable ownership rights and royalties for plaintiff's original authorship of digital assets and trade secrets targeting high-end donors. Communications strategies propelled the nonprofit acceptance, and higher-levels of donations to they own property as a direct result of misusing my proposal without disclosure of material facts revealing original authorship of contribution to the Sacramento LGBT Community Center.

(See ECF No. 1 at 1-6.)  Plaintiff attaches 116 pages to the complaint, including an "opening brief" and copies of exhibits. These pages indicate the dispute concerns the design of a website for the 2018 Pride Parade.  The pages also read like a response to allegations from defendants that plaintiff is a vexatious litigant,[3] her time as a university student, her time being homeless, and her interactions with other parties who are not named in this lawsuit but who were named in numerous other—now dismissed—suits.  (See id. at 7-122.)

---

[3] Defendants have yet to appear in this case.  A search of the Sacramento Superior Court docket indicates plaintiff maintains a suit against Sacramento LGBT, Buckley, and Heitstuman. See 34-2022-00328604-CU-MC-GDS.  Presently pending before that court is a motion by defendants to deem plaintiff a vexatious litigant, in which plaintiff's multiple frivolous suits are noted.

Plaintiff's complaint, to the extent it is intelligible, fails to state a claim on which relief may be granted. First, to the extent plaintiff attempts to state a claim under the Lanham Act, 15 U.S.C. § 1125(a), it is unclear what the scope of her claim is. The Lanham Act protects against trademark infringement, but a claim must state that the plaintiff (1) has a valid, protectable trademark, and (2) defendant's use of the mark is likely to cause confusion. See Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007). Here, it is not clear plaintiff has a protectable mark—even assuming this is the core of her claim. See Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir. 1985) ("The threshold issue in any action for trademark infringement is whether the words used by a manufacturer in connection with his product are entitled to protection."); see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1047 (9th Cir. 1999) (noting that a plaintiff's "registration of [a] mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [their] exclusive right to use the mark on the goods and services specified in the registration."). The complaint contains none of these allegations, instead reading similar to complaints filed in other cases that appear to assert copyright infringement— claims that have been dismissed. See Rigor v Buckley, 2:23-cv-02352 DAD CKD (dismissed for failure to state a federal question); Rigor v CSUS, 2:20-cv-00394 JAM AC (dismissing claims of intellectual property theft after providing plaintiff with the elements for a copyright claim under 17 U.S.C. § 411(a), and noting the multiple other claims of plaintiff's that have been dismissed in this court under these same standards). Plaintiff's conclusory allegations here fail to state a claim for relief. Paulsen, 559 F.3d at 1071.

Second, as to the attempt to assert claims under Title 18, plaintiff, as a private citizen, has no authority to bring such claims. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes), see also, e.g., Dowdell v. Sacramento Hous. & Redevelopment Agency, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (no private right of action under 18 U.S.C. § 1001); Sareen v. Sareen, 2008 WL 11450612, at *4 (E.D. Cal. Aug. 28, 2008) (same, 18 U.S.C. §§ 1621 and 1623).

///

5

Third, the court finds the remaining citations in the complaint (22 U.S.C. § 1644(d) (regarding claims against the German Democratic Republic); Cal. Gov. Code § 911.4 (motion seeking leave to file late claim); "IRS Codes 525 law and Rule 643; and "Injunctive Relief for Revised Uniform Fiduciary Assets-Digital Assets Act) to be dismissible as legally frivolous. Neitzke, 490 U.S. at 325.

As to the remainder of the complaint, it does not comply with Rule 8 requiring a short and plain statement. See Fed. R. Civ. P. 8. Plaintiff's complaint, including the attached exhibits, is over 100 pages long and is primarily argumentative, prolix, replete with redundancy, and largely irrelevant with legal authority and personal questions. McHenry, 84 F.3d at 1176-78. To the extent there exists state law claims in these pages (including claims for breach of contract, defamation, negligence, and the like), the court should decline supplemental jurisdiction over any such claims. 28 U.S.C. § 1367. This would leave these state law claims for the California Superior Court—a fact which plaintiff is aware, given her attempts to sue these same defendants in state court at this time. See 34-2022-00328604-CU-MC-GDS, filed in Sacramento Superior Court on October 18, 2022.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

## **VEXATIOUS LITIGANT WARNING**

This complaint is similar to other cases filed by pro se plaintiff in this court in the last year, in which she files disjointed allegations that state no claims and fails to amend after being provided standards for amendment. See, e.g., Rigor v. Fernandez, 2:18-cv-00442; Rigor v. California State University Sacramento, 2:19-cv-00633; Rigor v. CSUS, 2:20-cv-00394; Rigor v. Carlsen, 2:21-cv-01388; Rigor v. Santa Clara County Public Defenders Office, 2:21-cv-02131; Rigor v. Carlsen, 2:23-cv-00774; Rigor v. Santa Clara County, 2:23-cv-01679; Rigor v. Mercy Pedlers, 2:23-cv-02048; Rigor v. Santa Clara County Public Defenders Office, 2:23-cv-02146; Rigor v. Buckley, 2:23-cv-02352. Further, the court has previously provided plaintiff with

general standards for how to state a claim.  See <u>Rigor v Santa Clara County Public Defender's Office, et al.</u>, 2:23–cv–2146–DAD–KJN PS, at ECF No. 3 (citing <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).  Plaintiff is warned that continued failure to heed the court's guidance on amendment, and continued abuse of the court's process, may result in a vexatious litigant order being entered against her that could restrict her ability to file new cases in this court.  <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits).

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.  Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 28, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

rigo.36